**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| PHILIP TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 4:22-cv-01269 |
| ) | |
| SCHINDLER ELEVATOR CORPORATION, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendant Schindler Elevator Corporation ("Schindler"), by and through its undersigned counsel, and expressly reserving all rights to otherwise respond to this lawsuit, hereby removes the above-styled case from the Circuit Court of the City of St. Louis, Cause No. 2222-CC09780, to the United States District Court for the Eastern District of Missouri, pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446. Based on the allegations asserted by Plaintiff Philip Taylor ("Plaintiff"), removal is appropriate as complete diversity exists between the parties and more than $75,000 is in controversy. As grounds for removal, Schindler respectfully states as follows:

### INTRODUCTION

1. On October 27, 2022, Plaintiff commenced this action in the Circuit Court of the City of St. Louis, Missouri, Cause No. 2222-CC03122, asserting claims against Schindler for strict liability and negligence. Plaintiff alleges that he was injured on December 16, 2021 at the United States Postal Service building located in downtown St. Louis when a service elevator allegedly designed and manufactured by Schindler suddenly and without warning slammed down onto him, crushing him between his "tugger machine" and the elevator door.

2. On October 31, 2022, Plaintiff served Schindler with the Summons and a copy of the Petition.

3. Schindler has filed this Notice of Removal within thirty (30) days of when the Summons and Petition were served, thus, removal is timely under 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348-49 (1999).

4. As required by 28 U.S.C. § 1446(a), Schindler has attached to this Notice, as **Exhibit 1**, "a copy of all process, pleadings, and orders served upon [it,]" which comprise the complete state court file.

5. As discussed above, and as set forth more fully below, this Court has jurisdiction over this action under 28 U.S.C. §§ 1332 and 1446(b) because: (1) there is complete diversity of citizenship between Plaintiff and Schindler; (2) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (3) Schindler has satisfied all necessary procedural requirements.

## BASIS FOR REMOVAL

6. Title 28 U.S.C. § 1441(a) controls the circumstances in which a party may remove a state civil action to a United States District Court, and provides that:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

7. Pursuant to 28 U.S.C. § 1332(a), United States District Courts maintain original jurisdiction of all civil actions between citizens of different states where the matter in controversy exceeds the sum of $75,000.

8.      Removal of this action is proper under 28 U.S.C. §§ 1441(a) and 1332(a) because complete diversity of citizenship exists between the parties and the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

**A.      Diversity of Citizenship is Satisfied.**

9.      As alleged in the Petition, Plaintiff is a resident and citizen of the State of Illinois. (*See* Petition, ¶ 1.)

10.     For purposes of removal, a corporation is a citizen of the state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).  The phrase "principal place of business" refers to the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," which typically will be found at its corporate headquarters. *Id.* at 92–93.

11.     Defendant Schindler is a corporation established under the laws of Delaware, with its headquarters and principal place of business in New Jersey.  Thus, Schindler is a citizen of Delaware and New Jersey.

12.     Defendant Schindler is the only defendant in this matter.  Therefore, no defendant is a citizen of Missouri.

13.     Accordingly, the requisite diversity of citizenship exists. *See* 28 U.S.C. § 1332(c).

**B.      The Amount in Controversy Requirement is Satisfied.**

14.     Plaintiff asserts claims for strict liability and negligence against Schindler arising from the December 16, 2021 incident (the "Incident"). (*See* Petition, ¶¶ 15-77.)

15.     Plaintiff alleges that as a direct result of the Incident, he was crushed by the service elevator door and sustained a broken sternum, broken ribs, two fractured fingers, a torn rotator

cuff, difficult and painful breathing, and pain, suffering, and loss of enjoyment of life.  (*See* Petition, ¶ 11.)  He further alleges that as a result of the Incident and his injuries therefrom, he required surgery on his broken hand and broken sternum, and has sustained "painful and permanent bodily injuries." (*Id.* at ¶¶ 12-14.)  Plaintiff also seeks an award of punitive damages.  (*Id.* at ¶¶ 20, 29, 38, 52, 58, 67, 77.)

16. At no point in Plaintiff's Petition does Plaintiff limit his possible recovery in any way.

17. Where, as here, a plaintiff's pleadings provide insufficient information to pinpoint the value of the claims, the defendant only must show by a preponderance of the evidence that "a factfinder ***might*** legally conclude that the damages are greater than [$75,000]." *Turntine v. Peterson*, 959 F.3d 873, 881 (8th Cir. 2020) (emphasis added).  Evidence sufficient to meet this burden "may include a plaintiff's conduct and representations, including . . . an extensive list of serious and disabling injuries suffered by the plaintiff." *Bryant-Bush v. Shawnee Gun Shop, Inc.*, No. 09-00397-CV-W-REL, 2010 WL 11509032, at *2 (W.D. Mo. Jan. 8, 2010) (quoting *Neighbors v. Muha*, No. 05–472–CV–W–GAF, 2005 WL 2346968 at *2 (W.D. Mo. 2005)).  *See also Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040–41 (E.D. Mo. 2002) (amount in controversy requirement satisfied where plaintiffs claimed that "they have permanent, progressive, and disabling injuries" and "incurred medical expenses and will incur further such expenses[.]")  The court also may "employ its judicial experience or common sense" to ascertain whether the amount in controversy exceeds the jurisdictional minimum.  *Turntine*, 959 F.3d at 881.

18. Here, although Schindler denies that it is liable to Plaintiff in any way, Plaintiff's Petition makes clear that Plaintiff alleges serious permanent injuries, pain and suffering, and significant past medical expenses, including multiple surgeries.  (*See* Petition, ¶ 12.)  It is both

plausible and supported by the evidence that Plaintiff is seeking to recover in excess of $75,000.00, exclusive of interests and costs, as required for diversity jurisdiction under 28 U.S.C. § 1332.

19. Removal is therefore appropriate in this case.

## CONCLUSION

In conclusion, there is complete diversity between the parties because Plaintiff is a citizen of Illinois and Defendant Schindler is a citizen of Delaware and New Jersey.  Further, the damages Plaintiff seeks exceed the $75,000 jurisdictional minimum.  Therefore, removal to this Court is appropriate.

Dated:  November 29, 2022      Respectfully submitted,

**LEWIS RICE LLC**

By:  /s/ Thomas L. Caradonna
　　Thomas L. Caradonna, #34751MO
　　Oliver H. Thomas, #60676MO
　　Lindsey M. Bruno, #73055MO
　　600 Washington Avenue, Suite 2500
　　St. Louis, MO  63101
　　(314) 444-7693
　　(314) 612-7693 (facsimile)
　　tcaradonna@lewisrice.com
　　othomas@lewisrice.com
　　lbruno@lewisrice.com

*Attorneys for Defendant
Schindler Elevator Corporation*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 29th day of November, 2022, a true copy hereof was served via electronic mail and U.S. mail, first-class postage prepaid on the following:

Douglas P. Dowd
Kevin D. Lane
Clayton L Dowd
Dowd & Dowd, P.C.
211 North Broadway, Suite 4050
St. Louis, Missouri 63102
doug@dowdlaw.net
clayton@dowdlaw.net
kevin@dowdlaw.net

*Attorneys for Plaintiff*

/s/ Thomas L. Caradonna