

Judicial Links   |   eFiling   |   Help   |   Contact Us   |   Print          GrantedPublicAccess   Logoff OTHOMAS1313

### 2222-CC09780 - PHILIP TAYLOR V SCHINDLER ELEVATOR CORPORATION (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending   ○ Ascending          Display Options: | All Entries ▾ |

---

**11/02/2022** ☐ **Jury Trial Scheduled**
   Scheduled For: 09/18/2023;  9:00 AM ;  MICHAEL FRANCIS STELZER;  City of St. Louis

**10/31/2022** ☐ **Corporation Served**
   Document ID - 22-SMCC-13291; Served To - SCHINDLER ELEVATOR CORPORATION; Server - ;
   Served Date - 31-OCT-22; Served Time - 00:00:00; Service Type - Special Process Server; Reason
   Description - Served

   ☐ **Certificate of Service**
   Certificate of Service of Plaintiffs First Interrogatories and First Request for Production of Documents to
   Defendant; Electronic Filing Certificate of Service.
      **Filed By:** KEVIN DONALD LANE
      **On Behalf Of:** PHILIP TAYLOR

   ☐ **Notice of Service**
   Affidavit of Service of Summons; Electronic Filing Certificate of Service.
      **Filed By:** KEVIN DONALD LANE

**10/28/2022** ☐ **Entry of Appearance Filed**
   ENTRY OF APPEARANCE on behalf of Plaintiff Philip Taylor; Electronic Filing Certificate of Service.
      **Filed By:** CLAYTON LAWRENCE DOWD
      **On Behalf Of:** PHILIP TAYLOR

   ☐ **Summons Issued-Circuit**
   Document ID: 22-SMCC-13291, for SCHINDLER ELEVATOR CORPORATION.

   ☐ **Motion Special Process Server**
   Request for Appointment of Process Server.
      **Filed By:** KEVIN DONALD LANE
      **On Behalf Of:** PHILIP TAYLOR

   ☐ **Motion Filed**
   Motion for Summons and Appointment of Special Process Server.
      **Filed By:** KEVIN DONALD LANE

**10/27/2022** ☐ **Confid Filing Info Sheet Filed**
      **Filed By:** KEVIN DONALD LANE

   ☐ **Pet Filed in Circuit Ct**
   Petition.
      **Filed By:** KEVIN DONALD LANE
      **On Behalf Of:** PHILIP TAYLOR

**Exhibit**

**1**

11/16/22, 10:51 AM · Case.net 2022-0000780 Docket Entries

☐ **Judge Assigned**

**2222-CC09780**

Electronically Filed - City of St. Louis - October 27, 2022 - 04:35 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

PHILIP TAYLOR,              )
                               )
      *Plaintiff*,           )
                               )   Case No.
vs.                          )
                               )   Division
SCHINDLER ELEVATOR CORPORATION,  )
     Serve:   CT Corporation System    )
             120 S. Central Avenue     )
             Clayton, Missouri 63105    )
                               )
      *Defendant*.          )

### PETITION

### PRODUCT LIABILITY

COMES NOW Plaintiff Philip Taylor and for Plaintiff's causes of action against Defendant Schindler Elevator Corporation states as follows:

### PARTIES

1.     Plaintiff Philip Taylor (hereinafter "Plaintiff") is a resident and citizen of St. Clair County, Illinois.

2.     Defendant Schindler Elevator Corporation (hereinafter "Schindler" or "Defendant") is now and was at all times relevant to this action a corporation organized and existing under the laws of the State of Missouri, with its principal place of business located in the State of Missouri.

### JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action pursuant to §478.070 RSMo, which provides that the circuit courts of the State of Missouri have subject matter jurisdiction over all cases with the amount in dispute exceeding $25,000.

Electronically Filed - City of St. Louis - October 27, 2022 - 04:35 PM

4.      This Court has personal jurisdiction over Defendant pursuant to §506.500 RSMo, because Defendant sold its elevators in the regular course of business in the State of Missouri. Defendant thereby committed tortious acts in the State of Missouri by distributing and selling a defective and unreasonably dangerous product in the State of Missouri.

5.      Venue is proper for this action pursuant to §508.010.4 RSMo in that Plaintiff first sustained injury in the City of St. Louis, Missouri.

**FACTS COMMON TO ALL COUNTS**

6.      On December 16, 2021, Plaintiff Philip Taylor entered the service elevator at the United States Postal Service building located at 1720 Market Street in the City of St. Louis.  While Plaintiff was attempting to unload mail onto the service elevator, the door to the service elevator suddenly and without warning slammed down onto Plaintiff and crushed him between his tugger machine and the defective elevator door.

7.      The service elevator was defective and unreasonably dangerous because the door slammed onto Plaintiff and crushed him while being used by Plaintiff in a manner reasonably anticipated by Defendant.

8.      As a result of the service elevator's defective and unreasonably dangerous condition(s) and/or design, Defendant's service elevator, including but not limited to the door and its sensors, were defective and dangerous when it crushed Plaintiff.

9.      Defendant designed, manufactured, sold, distributed, injected and/or placed the defective service elevator into the stream of commerce when it distributed and sold the defective service elevator to the United States Postal Service located in the City of St. Louis.

10.     Defendant sold and distributed the defective service elevator in its regular course of its business.

Electronically Filed - City of St. Louis - October 27, 2022 - 04:35 PM

11.     As a direct and proximate result of Defendant's defective service elevator, Plaintiff was crushed by the elevator door causing the following injuries:

    a.  A broken sternum;

    b.  Broken ribs;

    c.  Two fractured fingers on Plaintiff's right hand;

    d.  A torn rotator cuff in Plaintiff's right shoulder;

    e.  Difficult and painful breathing; and

    f.  Pain, suffering and loss of enjoyment of life.

12.     As a direct and proximate result of Defendant's defective service elevator, Plaintiff immediately underwent surgery on his broken hand and later underwent surgery on his broken sternum.

13.     As a direct and proximate result of Defendant's defective service elevator, during Plaintiff's surgery on his sternum, Plaintiff sustained a rotator cuff tear in his right shoulder.

14.     As a direct and proximate result of Defendant's defective service elevator, Plaintiff has sustained painful and permanent bodily injuries, including pain, suffering and loss of enjoyment of life.

**COUNT I**
**DEFECTIVE PRODUCT – MANUFACTURING DEFECT**
**STRICT LIABILITY**

15.     Plaintiff adopts and incorporates by reference each and every allegation contained in paragraphs 1 – 14 of Plaintiff's Petition as if fully set forth herein.

16.     Defendant designed, manufactured, sold, and/or distributed the service elevator to the United States Postal Service.

Electronically Filed - City of St. Louis - October 27, 2022 - 04:35 PM

17.     The service elevator sold to the United States Postal Service by Defendant was in a defective condition and was unreasonably dangerous when put to its reasonably anticipated use by Plaintiff.

18.     At the time the United States Postal Service bought the service elevator, Defendant's elevator had a latent defect in that the elevator door could suddenly and without warning crash down on an elevator occupant, as described above.

19.     As a direct and proximate result of Defendant's manufacturing defect, Plaintiff has sustained painful and permanent bodily injuries as set forth in paragraphs 11 - 14.

20.     Upon information and belief, Defendant's conduct manifested a gross and complete indifference to and a conscious disregard for the safety of others, including Plaintiff, thereby entitling Plaintiff to punitive damages to punish and deter Defendant and others similarly situated from like conduct in the future.

WHEREFORE Plaintiff Philip Taylor prays judgment against Defendant in an amount in excess of $25,000 for his actual damages, for his costs, for pre- and post-judgment interest, and for such other and further relief as the Court deems just and proper, the premises considered.

## COUNT II
## DEFECTIVE PRODUCT – MANUFACTURING DEFECT
## NEGLIGENCE

21.     Plaintiff adopts and incorporates by reference each and every allegation contained in paragraphs 1 – 20 of Plaintiff's Petition as if fully set forth herein.

22.     Defendant designed, manufactured, sold, and/or distributed the elevator to the United States Postal Service.

Electronically Filed - City of St. Louis - October 27, 2022 - 04:35 PM

23.     At the time the United States Postal Service bought the service elevator, Defendant's elevator had a defect in that the elevator door could suddenly and without warning crash down on an elevator occupant, as described above.

24.     Defendant owed Plaintiff a duty of ordinary care to manufacture and furnish the United States Postal Service with an elevator that was reasonably safe or warn of the risk of harm associated with the latent defect.

25.     Defendant breached its duty of ordinary care to Plaintiff, and others similarly situated, to manufacture and inject into the stream of commerce a reasonably safe and functional elevator, or warn of the risk associated with the latent defect when Defendant injected the defective and unreasonably dangerous elevator into the stream of commerce without Plaintiff's knowledge of the latent defect.

26.     Defendant knew, or by using ordinary care should have known, of the dangerous defect associated with the service elevator's door and/or sensors.

27.     As a direct and proximate result of Defendant's negligence, Defendant's service elevator door crashed onto Plaintiff and crushed him between the tugger machine he was operating to load mail onto the elevator and the door. Plaintiff's use of the elevator as described above was reasonably anticipated.

28.     As a direct and proximate result of Defendant's negligence, Plaintiff has sustained painful and permanent bodily injuries as set forth in paragraphs 11 - 14.

29.     Upon information and belief, Defendant's conduct manifested a gross and complete indifference to and a conscious disregard for the safety of others, including Plaintiff, thereby entitling Plaintiff to punitive damages to punish and deter Defendant and others similarly situated from like conduct in the future.

Electronically Filed - City of St. Louis - October 27, 2022 - 04:35 PM

WHEREFORE Plaintiff Philip Taylor prays judgment against Defendant in an amount in excess of $25,000 for his actual damages, for his costs, for pre- and post-judgment interest, and for such other and further relief as the Court deems just and proper, the premises considered.

## COUNT III
## FAILURE TO WARN – STRICT LIABILITY

30.    Plaintiff adopts and incorporates by reference each and every allegation contained in paragraphs 1 – 29 of Plaintiff's Petition as if fully set forth herein.

31.    Defendant sold the service elevator to the United States Postal Service in the regular course of its business.

32.    Plaintiff was using the service elevator for its reasonably anticipated use.

33.    Defendant's service elevator was unreasonably dangerous in that Plaintiff was without knowledge of the elevator's characteristics, including the defective door and/or sensors.

34.    Defendant did not give adequate warning of the danger posed by Defendant's unreasonably dangerous and defective elevator, including the defective door and/or sensors.

35.    Plaintiff did not know of the specific danger posed by the service elevator when he used the elevator on December 16, 2021.

36.    Had Defendant warned Plaintiff of this unreasonably dangerous condition that existed, Plaintiff would have heeded the Defendant's warning and not used the service elevator.

37.     As a direct and proximate result of Defendant's failure to warn Plaintiff of this unreasonably dangerous defect that existed, Plaintiff has sustained painful and permanent bodily injuries as set forth in paragraphs 11 - 14.

38.    Upon information and belief, Defendant's conduct manifested a gross and complete indifference to and a conscious disregard for the safety of others, including Plaintiff, thereby

Electronically Filed - City of St. Louis - October 27, 2022 - 04:35 PM

entitling Plaintiff to punitive damages to punish and deter Defendant and others similarly situated from like conduct in the future.

WHEREFORE Plaintiff Philip Taylor prays judgment against Defendant in an amount in excess of $25,000 for his actual damages, for his costs, for pre- and post-judgment interest, and for such other and further relief as the Court deems just and proper, the premises considered.

## COUNT IV
## FAILURE TO WARN – NEGLIGENCE

39.      Plaintiff adopts and incorporates by reference each and every allegation contained in paragraphs 1 – 38 of Plaintiff's Petition as if fully set forth herein.

40.      Defendant sold the service elevator to the United States Postal Service in the regular course of its business.

41.      Defendant owed Plaintiff and others similarly situated a duty of ordinary care to furnish the United States Postal Service with an elevator that was not in a defective condition or unreasonably dangerous.

42.      Defendant owed Plaintiff and others similarly situated a duty of ordinary care to warn of any latent defects that existed in relation to the service elevator's door and/or sensors.

43.      Defendant had no reason to believe that Plaintiff and others similarly situated would realize the danger posed by the latent defect in the elevator's door and/or sensors.

44.      Defendant knew, or by using ordinary care should have known, of the dangerous condition that existed in relation to the elevator's door and/or sensors.

45.      Defendant breached its duty of ordinary care to furnish Plaintiff with a safe and functional service elevator when Defendant instead sold a defective and unreasonably dangerous elevator to the United States Postal Service and thereafter was used by Plaintiff.

Electronically Filed - City of St. Louis - October 27, 2022 - 04:35 PM

46.     Defendant breached its duty of ordinary care when it failed to warn Plaintiff of this latent defect.

47.     Plaintiff was using the service elevator for its reasonably anticipated use.

48.     Defendant's service elevator was unreasonably dangerous in that Plaintiff was without knowledge of the elevator's characteristics, including the defective door and/or sensors.

49.     Defendant did not give adequate warning of the danger posed by Defendant's unreasonably dangerous and defective elevator, including the defective door and/or sensors.

50.     Had Defendant warned Plaintiff of this unreasonably dangerous condition that existed, Plaintiff would have heeded the Defendant's warning and not used the elevator.

51.      As a direct and proximate result of Defendant's failure to warn Plaintiff of this unreasonably dangerous defect that existed, Plaintiff has sustained painful and permanent bodily injuries as set forth in paragraphs 11 - 14.

52.     Upon information and belief, Defendant's conduct manifested a gross and complete indifference to and a conscious disregard for the safety of others, including Plaintiff, thereby entitling Plaintiff to punitive damages to punish and deter Defendant and others similarly situated from like conduct in the future.

WHEREFORE Plaintiff Philip Taylor prays judgment against Defendant in an amount in excess of $25,000 for his actual damages, for his costs, for pre- and post-judgment interest, and for such other and further relief as the Court deems just and proper, the premises considered.

## COUNT V
## DESIGN DEFECT – STRICT LIABILITY

53.     Plaintiff adopts and incorporates by reference each and every allegation contained in paragraphs 1 – 52 of Plaintiff's Petition as if fully set forth herein.

54.     Defendant designed the service elevator that was used by Plaintiff.

Electronically Filed - City of St. Louis - October 27, 2022 - 04:35 PM

55.     Upon information and belief, Defendant's design of the service elevator, its door and/or sensors was unreasonably dangerous.

56.     Upon information and belief, the service elevator was defectively designed because the elevator door would suddenly and without warning fall.

57.     As a direct and proximate result of Defendant's defective design, Plaintiff has sustained painful and permanent bodily injuries as set forth in paragraphs 11 - 14.

58.     Upon information and belief, Defendant's conduct manifested a gross and complete indifference to and a conscious disregard for the safety of others, including Plaintiff, thereby entitling Plaintiff to punitive damages to punish and deter Defendant's and others similarly situated from like conduct in the future.

WHEREFORE Plaintiff Philip Taylor prays judgment against Defendant in an amount in excess of $25,000 for his actual damages, for his costs, for pre- and post-judgment interest, and for such other and further relief as the Court deems just and proper, the premises considered.

## COUNT VI
## DESIGN DEFECT – NEGLIGENCE

59.     Plaintiff adopts and incorporates by reference each and every allegation contained in paragraphs 1 – 58 of Plaintiff's Petition as if fully set forth herein.

60.     Defendant designed the service elevator that was used by Plaintiff.

61.     Defendant owed Plaintiff a duty of ordinary care to design the elevator, its door and the sensors without a defective condition or in a way that was not unreasonably dangerous.

62.     Defendant had no reason to believe that Plaintiff would realize the danger posed by the latent defect in the elevator's door and/or sensors.

63.     Defendant knew, or by using ordinary care should have known, of the dangerous condition that existed in relation to the elevator's door and/or sensors.

Electronically Filed - City of St. Louis - October 27, 2022 - 04:35 PM

64.     Defendant breached its duty of ordinary care by designing a service elevator that was in a defective condition or unreasonably dangerous.

65.     Upon information and belief, the service elevator was defectively designed because the elevator door would suddenly and without warning fall.

66.     As a direct and proximate result of Defendant's defective design, Plaintiff has sustained painful and permanent bodily injuries as set forth in paragraphs 11 - 14.

67.     Upon information and belief, Defendant's conduct manifested a gross and complete indifference to and a conscious disregard for the safety of others, including Plaintiff, thereby entitling Plaintiff to punitive damages to punish and deter Defendant and others similarly situated from like conduct in the future.

WHEREFORE Plaintiff Philip Taylor prays judgment against Defendant in an amount in excess of $25,000 for his actual damages, for his costs, for pre- and post-judgment interest, and for such other and further relief as the Court deems just and proper, the premises considered.

## COUNT VII
## NEGLIGENT SUPPLYING OF A DANGEROUS INSTRUMENTALITY

68.     Plaintiff adopts and incorporates by reference each and every allegation contained in paragraphs 1 – 67 of Plaintiff's Petition as if fully set forth herein.

69.     Defendant distributed and supplied the service elevator used by Plaintiff to the United States Postal Service in the stream of commerce.

70.     Upon information and belief, the elevator was defectively designed because the elevator door would suddenly and without warning fall.

71.     Plaintiff used the elevator in a reasonably expected use on December 16, 2021.

Electronically Filed - City of St. Louis - October 27, 2022 - 04:35 PM

72.     Defendant had no reason to believe that Plaintiff would realize the danger posed by the latent defect in the service elevator's door and/or sensors when Defendant supplied it to the United States Postal Service.

73.     Defendant knew, or by using ordinary care should have known, of the dangerous condition that existed in relation to the service elevator's door and/or sensors.

74.     Defendant failed to adequately warn Plaintiff of the danger posed by Defendant's unreasonably dangerous and defective elevator, including the defective door and/or sensors.

75.     Defendant was thereby negligent for failing to warn Plaintiff of this dangerous and defective condition that existed in relation to the elevator's door and/or sensors and was negligent for supplying the service elevator to the United States Postal Service.

76.     As a direct and proximate result of Defendant's negligently supplying a dangerous instrumentality to Plaintiff, Plaintiff has sustained painful and permanent bodily injuries as set forth in paragraphs 11 - 14.

77.     Upon information and belief, Defendant's conduct manifested a gross and complete indifference to and a conscious disregard for the safety of others, including Plaintiff, thereby entitling Plaintiff to punitive damages to punish and deter Defendant's and others similarly situated from like conduct in the future.

WHEREFORE Plaintiff Philip Taylor prays judgment against Defendant in an amount in excess of $25,000 for his actual damages, for his costs, for pre- and post-judgment interest, and for such other and further relief as the Court deems just and proper, the premises considered.

Electronically Filed - City of St. Louis - October 27, 2022 - 04:35 PM

Respectfully submitted,

DOWD & DOWD, P.C.

DATED: October 27, 2022          BY:    */s/ Kevin D. Lane*
                                             DOUGLAS P. DOWD #29240
                                             KEVIN D. LANE #66027
                                             CLAYTON L DOWD, #72772
                                             211 North Broadway, Suite 4050
                                             St. Louis, Missouri   63102
                                             Phone: (314) 621-2500
                                             Fax:     (314) 621-2503
                                             doug@dowdlaw.net
                                             clayton@dowdlaw.net
                                             kevin@dowdlaw.net

Electronically Filed - City of St. Louis - October 28, 2022 - 01:58 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

PHILIP TAYLOR,                                    )
                                                  )
   *Plaintiff*,                    )
                                                  ) Case No. 2222-CC09780
vs.                                               )
                                                  ) Division 1
SCHINDLER ELEVATOR CORPORATION,   )
                                                  )
   *Defendant*.                    )

**ENTRY OF APPEARANCE**

  COMES NOW Clayton L. Dowd of Dowd & Dowd, P.C. and hereby enters his appearance

on behalf of Plaintiff Philip Taylor.

        Respectfully Submitted,

        DOWD & DOWD, P.C.

     By: */s/ Clayton L. Dowd*
       CLAYTON L. DOWD (72772)
       clayton@dowdlaw.net
       211 North Broadway, 40th Floor
       St. Louis, MO  63102
       (314) 621-2500

       ***Attorney for Plaintiff***

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on October 28, 2022, a copy of the foregoing was
served via this Court's e-filing system on all counsel of record.

        */s/ Clayton L. Dowd*

1

Electronically Filed - City of St. Louis - October 28, 2022 - 12:20 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

PHILIP TAYLOR,                                    )
                                                  )
     *Plaintiff*,                             )
                                                  )   Case No. 2222-CC09780
vs.                                               )
                                                  )   Division 1
SCHINDLER ELEVATOR CORPORATION,   )
                                                  )
                                                  )
     *Defendant*.                            )

**PLAINTIFF'S MOTION FOR SUMMONS AND**
**APPOINTMENT OF SPECIAL PROCESS SERVER**

COMES NOW Plaintiff Philip Taylor and for Plaintiff's Motion for Summons and Appointment of Special Process Server states as follows:

1.    Plaintiff filed Plaintiff's Petition on October 27, 2022.

2.    Plaintiff respectfully requests the Clerk of the Court issue a summons for service upon Defendant Schindler Elevator Corporation at the following address:

        Schindler Elevator Corporation
        Registered Agent: CT Corporation System
        120 S. Central Avenue
        Clayton, Missouri 63105

3.    Additionally, Plaintiff respectfully requests that the following persons be appointed special process servers to serve Defendant at the address above:

        Pam King Wheetley
        Christian Seldon
        MOPS/ Missouri Process Serving LLC
        1430 Washington Ave Ste 220
        St. Louis, MO 63103

4.    Plaintiff's Request for Appointment of Special Process Server form is filed herewith.

Electronically Filed - City of St. Louis - October 28, 2022 - 12:20 PM

WHEREFORE, Plaintiff respectfully moves this Honorable Court make and enter its Order granting Plaintiff's Motion for Summons and Appointment of a Special Process Server and for such other and further relief as the Court may deem just and proper, the premises considered.

Respectfully submitted,

DOWD & DOWD, P.C.

DATED: October 28, 2022                    BY:    /s/ Kevin D. Lane
                                                  DOUGLAS P. DOWD #29240
                                                  KEVIN D. LANE #66027
                                                  CLAYTON L DOWD, #72772
                                                  211 North Broadway, Suite 4050
                                                  St. Louis, Missouri   63102
                                                  Phone: (314) 621-2500
                                                  Fax:    (314) 621-2503
                                                  doug@dowdlaw.net
                                                  clayton@dowdlaw.net
                                                  kevin@dowdlaw.net

Electronically Filed - City of St. Louis - October 28, 2022 - 12:20 PM

**CERTIFICATE OF SERVICE**

This is to certify that copies of the foregoing were served this 28th day of October 2022, via the Court's electronic filing system on all attorneys of record.

/s/Kevin D. Lane
KEVIN D. LANE

Electronically Filed - City of St. Louis - October 28, 2022 - 12:20 PM

In the

# CIRCUIT COURT

## City of St. Louis, Missouri

Philip Taylor
_____
Plaintiff/Petitioner


vs.

Schindler Elevator Corporation
_____
Defendant/Respondent

For File Stamp Only

10/28/2022
_____
Date

2222-CC09780
_____
Case number

1
_____
Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Plaintiff _____, pursuant
　　　　　　　　　　　　Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of

| | | |
|---|---|---|
| Pam King Wheetley | 1430 Washington Ave Ste 220, St. Louis, MO 63103 | 314-825-5512 |
| Name of Process Server | Address | Telephone |
| Christian Seldon | 1430 Washington Ave Ste 220, St. Louis, MO 63103 | 314-825-5512 |
| Name of Process Server | Address | Telephone |
| | | |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:

Schindler Elevator Corporation
_____
Name
c/o CT Corporation System, 120 S. Central Ave
_____
Address
Clayton, MO 63105
_____
City/State/Zip

SERVE:

_____
Name

_____
Address

_____
City/State/Zip

SERVE:

_____
Name

_____
Address

_____
City/State/Zip

SERVE:

_____
Name

_____
Address

_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk


By_____
　　Deputy Clerk


_____
Date

Kevin D. Lane
_____
Attorney/Plaintiff/Petitioner
66027
_____
Bar No.
211 N Broadway, Ste 4050, St. Louis MO 63102
_____
Address
314-621-2500
_____
Phone No.

Electronically Filed - City of St. Louis - October 28, 2022 - 12:20 PM

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers.  Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

Electronically Filed - City of St. Louis - October 28, 2022 - 12:20 PM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

   Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing.  Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk.  Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years.  Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

Electronically Filed - City of St. Louis - October 28, 2022 - 12:20 PM

In the
# CIRCUIT COURT
## City of St. Louis, Missouri



Philip Taylor
_____
Plaintiff/Petitioner

vs.

Schindler Elevator Corporation
_____
Defendant/Respondent

10/28/2022
_____
Date

2222-CC09780
_____
Case number

1
_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff _____, pursuant
          Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

Pam King Wheetley    1430 Washington Ave Ste 220, St. Louis, MO 63103    314-825-5512
Name of Process Server        Address        Telephone

Christian Seldon    1430 Washington Ave Ste 220, St. Louis, MO 63103    314-825-5512
Name of Process Server        Address        Telephone

_____    _____    _____
Name of Process Server        Address        Telephone

to serve the summons and petition in this cause on the below named parties.

SERVE:

Schindler Elevator Corporation
_____
Name

c/o CT Corporation System, 120 S. Central Ave
_____
Address

Clayton, MO 63105
_____
City/State/Zip

SERVE:

_____
Name

_____
Address

_____
City/State/Zip

SERVE:

_____
Name

_____
Address

_____
City/State/Zip

SERVE:

_____
Name

_____
Address

_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

By_____
Deputy Clerk

_____
Date

Kevin D. Lane
_____
Attorney/Plaintiff/Petitioner

66027
_____
Bar No.

211 N Broadway, Ste 4050, St. Louis MO 63102
_____
Address

314-621-2500
_____
Phone No.



## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number:  2222-CC09780 | Special Process Server 1<br>P KING WHEETLEY |
| Plaintiff/Petitioner:<br>PHILIP TAYLOR | Plaintiff's/Petitioner's Attorney/Address<br>KEVIN DONALD LANE<br>211 NORTH BROADWAY<br>SUITE 4050<br>ST. LOUIS, MO  63102 | Special Process Server 2<br>C SELDON |
| vs. | | |
| Defendant/Respondent:<br> SCHINDLER ELEVATOR CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | |
| | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  SCHINDLER ELEVATOR CORPORATION**
**Alias:**

**CT CORPORATION SYSTEM**
**120 SOUTH CENTRAL AVENUE**
**CLAYTON, MO  63105**

> **SPECIAL PROCESS SERVER**

**COURT SEAL OF**

**CITY OF ST LOUIS**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

**October 28, 2022**

_____
Date

_Thomas Kloppinger_
_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

_(Seal)_

My commission expires: _____     _____

Date                                                                    Notary Public

**Sheriff's Fees, if applicable**

Summons                          $_____

Non Est                          $_____

Sheriff's Deputy Salary
Supplemental Surcharge           $_____10.00_____

Mileage                          $_____ (_____ miles @ $._____ per mile)

**Total**                        $_____

 A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - City of St. Louis - October 31, 2022 - 11:14 AM



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2222-CC09780 | Special Process Server 1<br>P KING WHEETLEY |
|---|---|---|
| Plaintiff/Petitioner:<br>PHILIP TAYLOR | Plaintiff's/Petitioner's Attorney/Address<br>KEVIN DONALD LANE<br>211 NORTH BROADWAY<br>SUITE 4050<br>ST. LOUIS, MO 63102 | Special Process Server 2<br>C SELDON |
| vs. | | |
| Defendant/Respondent:<br>SCHINDLER ELEVATOR CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101<br>Please see the attached information for appearing via WebEx. WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  SCHINDLER ELEVATOR CORPORATION
                           Alias:

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

> SPECIAL PROCESS SERVER

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**\*\*\*Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. \*\*\***

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

| **October 28, 2022** | *Thomas Kloeppinger* |
|---|---|
| Date | Clerk |

Further Information: Plaintiff's First Set of Interrogatories and First Request for Production served with Petition

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____
_____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
*(Seal)*     Subscribed and sworn to before me on _____ (date).

My commission expires: _____

Electronically Filed - City of St. Louis - October 31, 2022 - 11:14 AM

## AFFIDAVIT OF SERVICE

| Case:<br>2222-CC09780 | Court:<br>21ST JUDICIAL CIRCUIT COURT | County:<br>ST LOUIS, MO | Job:<br>7881356 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>PHILIP TAYLOR | | Defendant / Respondent:<br>SCHINDLER ELEVATOR CORPORATION | |
| Received by:<br>MOPS, LLC | | For:<br>DOWD & DOWD P.C. | |
| To be served upon:<br>SCHINDLER ELEVATOR CORPORATION C/O CT CORP | | | |

I, PAM KING WHEETLEY, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the State where service was effected, I was authorized by law to make service of the documents and informed the said person of the contents herein.

I have served the attached documents by:
\_\_\_\_ delivering a copy of the service documents to the Defendant.
\_\_\_\_ leaving a copy of the service documents at the dwelling place or usual abode of the Defendant with the person identified below, who is a person over the age of 15 years.
\_X\_\_\_ (for service on a corporation) delivering a copy of the service documents to the person identified below.
\_\_\_\_Documents could not be served due to lack of contact with the subject.

SERVED IN ST LOUIS COUNTY AND IN THE STATE OF MO

| | |
|---|---|
| Recipient Name / Address: | SCHINDLER ELEVATOR CORPORATION C/O CT CORP TAMEKA DAVIS, COMPANY: 120 S. CENTRAL STE 400, CLAYTON, MO 63105 |
| Manner of Service: | Authorized, Oct 31, 2022, 9:43 am CDT |
| GPS Coordinates: | 38.647916971599535, -90.33724030651811 1666808591309 |
| Documents: | SUMMONS; PETITION; PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT SCHINDLER ELEVATOR CORPORATION; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS; THUMB DRIVE (Received Oct 28, 2022 at 5:00pm CDT) |

Additional Comments:
1) Successful Attempt: Oct 31, 2022, 9:43 am CDT at COMPANY: 120 S. CENTRAL STE 400, CLAYTON, MO 63105 received by SCHINDLER ELEVATOR CORPORATION C/O CT CORP TAMEKA DAVIS. Age: 40'S; Ethnicity: African American; Gender: Female; Weight: 140; Height: 5'7";
Hair: Black; Eyes: Brown;

_Pam King Wheetley_                    _10/31/22_
PAM KING WHEETLEY                    Date
PROCESS SERVER, IL PERC - 129396357,
ST LOUIS CITY PROCESS SERVER ID #
650, KCMO 16TH DISTRICT PPS 22-05636

MOPS, LLC
1430 Washington Ave Suite 220
St Louis, MO 63103
314-520-3590

Subscribed and sworn to before me by the affiant who is
personally known to me.

_Alicia M Irvin_
Notary Public
_10-31-22_                    _7-5-24_
Date                    Commission Expires

ALICIA M. IRVIN
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis City
My Commission Expires: July 05, 2024
Commission Number: 20647986

Electronically Filed - City of St. Louis - October 31, 2022 - 11:14 AM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

PHILIP TAYLOR,                                    )
                                                 )
       *Plaintiff*,                              )
                                                 )   Case No. 2222-CC09780
vs.                                              )
                                                 )   Division 1
SCHINDLER ELEVATOR CORPORATION,   )
                                                 )
                                                 )
       *Defendant*.                             )

**CERTIFICATE OF SERVICE**

COMES NOW Plaintiff Philip Taylor and hereby certifies that on October 31, 2022,

copies of Plaintiff's First Request for Production of Documents Directed to Defendant Schindler

Elevator Corporation and Plaintiff's First Interrogatories to Defendant Schindler Elevator

Corporation were served via personal service by a special process server upon Defendant

Schindler Elevator Corporation's registered agent.  Electronic copies of the discovery requests in

Microsoft Word format were provided on a thumb drive.


Respectfully submitted,

                DOWD & DOWD, P.C.


DATED: October 31, 2022            BY:   */s/ Kevin D. Lane*
                          DOUGLAS P. DOWD #29240
                          KEVIN D. LANE #66027
                          CLAYTON L DOWD, #72772
                          211 North Broadway, Suite 4050
                          St. Louis, Missouri   63102
                          Phone: (314) 621-2500
                          Fax:    (314) 621-2503
                          doug@dowdlaw.net
                          clayton@dowdlaw.net
                          kevin@dowdlaw.net

Electronically Filed - City of St. Louis - October 31, 2022 - 11:14 AM

**CERTIFICATE OF SERVICE**

This is to certify that copies of the foregoing were served this 31st day of October 2022, via the Court's electronic filing system on all attorneys of record.

/s/Kevin D. Lane
KEVIN D. LANE