UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHILIP TAYLOR,     )<br>     )<br>     Plaintiff,     )<br>     )<br>v.     )<br>     )<br>SCHINDLER ELEVATOR CORP.,     )<br>et al.,     )<br>     )<br>     Defendants.     ) | Case No. 4:22 CV 1269 RWS |

## MEMORANDUM AND AMENDED CASE MANAGEMENT ORDER

This matter is before the Court on plaintiff's consent motion to extend various deadlines in the case management order, including the dispositive motion deadline, by one month. Plaintiff contends that his request "will not affect the trial setting." ECF 56 at 3. This assertion is incorrect, as plaintiff's requested extension deprives the Court of the time necessary to rule on dispositive and pre-trial motions prior to trial. The Court will grant the requested extension of time, but the trial date will be moved accordingly. Any future requested extensions of time which affect the dispositive motion deadline must be accompanied by a corresponding proposed amended trial date or they will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to amend [56] is granted only as follows, and the following amended schedule shall apply in this case and will be modified only upon a showing of exceptional circumstances:

## I.    SCHEDULING PLAN

1.     Plaintiff shall disclose all expert witnesses and shall provide the reports or other information required by Rule 26(a)(2), Fed. R. Civ. P., no later than **November 29, 2024**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **January 3, 2025**.

2.     Defendant shall disclose all expert witnesses and shall provide the reports or other information required by Rule 26(a)(2), Fed. R. Civ. P., no later than **February 7, 2025**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **March 14, 2025**.

3.     The parties shall complete all discovery in this case no later than **April 7, 2025**.

4.     Any motions to dismiss, motions for summary judgment, motions for judgment on the pleadings, or any motions to limit or exclude expert testimony must be filed no later than **May 9, 2025**.  Opposition briefs shall be filed no later than thirty days after the motion or **June 8, 2025**, whichever is earlier.  Any reply brief may be filed no later than ten days following the response brief or **June 18, 2025**, whichever is earlier.

## II.    ORDER RELATING TO TRIAL

This action, **previously set for trial on September 15, 2025**, is reset for a **JURY** trial on **October 14, 2025**, at **8:30 a.m.**  This is a **three** week docket.

Pursuant to Local Rule 8.04 the Court may tax against one or all parties the per diem, mileage, and other expenses of providing a jury for the parties, when the case is terminated or settled by the parties at a time too late to cancel the jury attendance or to use the summoned jurors in another trial, unless good cause for the delayed termination or settlement is shown.

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:**

1.     **Stipulation:** Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

## 2. **Witnesses:**

(a) Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

(b) Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

## 3. **Exhibits:**

(a) Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf.-1, Deft.-A, or Pltf. Jones-1, Deft. Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced. The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed. R. Evid. 902(11) or 902(12).

(b) Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed. R. Evid. 902(11) or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

(c) Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order. Any objections not made in writing at least ten (10) days prior to trial may be considered waived.

## 4. **Depositions, Interrogatory Answers, and Request for Admissions:**

(a) Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. At least ten (10) days before trial, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

      (b)    Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order.  Any objections not made as above required may be considered waived.

      **5.**    **Instructions:**  Submit to the Court and to opposing counsel their written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions at least ten (10) days before trial in light of opposing party's requests for instructions.  (Each request must be supported by at least one pertinent citation.)

      **6.**    **Trial Brief:**  Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

      **7.**    **Motions In Limine:**  File all motions in limine to exclude evidence at least ten (10) days before trial.

**Any deadlines not specifically amended above, including the mediation deadlines, remain in full force and effect.  Failure to comply with any part of this Order may result in the imposition of sanctions.**

_/s/ Rodney W. Sippel_
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 30th day of October, 2024.